```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW HAMPSHIRE
```

Mohamed Daoud

    v.                            Civil No. 11-cv-004-JL

James O'Mara, Superintendent,
Hillsborough County Department
of Corrections, et al.


**O R D E R**

    Mohamed Daoud filed a "Motion for Injunctive Relief" (doc. no. 2) alleging that he is being denied necessary medication for his serious mental health needs. The matter was referred to me for consideration and a recommendation (doc. no. 5). A hearing was held before me on January 18, 2011.

    At the hearing, defendants indicated that plaintiff was due to see a psychiatrist, Dr. Quentin Turnbull, sometime during the several days following the hearing. The Court directed defendants to provide the Court with a copy of Dr. Turnbull's report after that appointment. Defendants have now filed Dr. Turnbull's report, under seal (doc. no. 18).

    The report indicates that Dr. Turnbull met with Mr. Daoud and reviewed Mr. Daoud's medical records. It does not appear that Dr. Turnbull has completed his assessment or established a treatment plan as yet. Dr. Turnbull's report instead reflects his intention to obtain additional records, to which, to date,

Mr. Daoud has refused to allow access.  Dr. Turnbull states that he needs these records to continue to try to substantiate Mr. Daoud's "story," and to follow up with Mr. Daoud after obtaining Mr. Daoud's records.

The Court finds that additional information would be helpful to the Court in deciding what course of action to recommend to the District Judge in resolving Mr. Daoud's motion for a preliminary injunction.  Accordingly, the parties are directed to comply with the following order:

1.   Mr. Daoud is directed to sign a release of information for medical and mental health records requested by Dr. Turnbull within five days of the date of this Order.  It appears that Dr. Turnbull needs the requested records in order to properly assess and treat Mr. Daoud.  If Mr. Daoud refuses to provide the release of information as directed, the Court will presume that Mr. Daoud no longer wishes to receive professional services from Dr. Turnbull.  As an incarcerated person does not have the right to choose his health care provider, see Feeney v. Corr. Med. Servs., Inc., 464 F.3d 158, 162 (1st Cir. 2006), Mr. Daoud, in refusing to consent to the release of records, would risk not receiving psychiatric care while at the Hillsborough County House of Corrections.

2.   Defendants are directed to promptly obtain the necessary records upon receiving a release from Mr. Daoud, and to

have Dr. Turnbull, or another qualified psychiatrist, conduct a thorough review of the relevant records and a complete assessment of Mr. Daoud.

3. Defendants are directed to provide the Court, within twenty-one days of the date of this Order, with the psychiatrist's assessment and diagnosis of Mr. Daoud, as well as the psychiatrist's treatment recommendations for Mr. Daoud, and the reasons supporting those recommendations.

4. Defendants are directed, within twenty-one days of the date of this Order, to provide the Court with a statement addressing how it intends to implement the psychiatrist's treatment recommendations. If defendants do not intend to implement those recommendations, they must, within twenty-one days of the date of this order, provide a statement explaining that decision.

**SO ORDERED.**

                                                _____
                                                Landya B. McCafferty
                                                United States Magistrate Judge

Date: January 26, 2011

cc: Carolyn Kirby, Esq.
    Mohamed Daoud, pro se