```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Mohamed Daoud

    v.                                Civil No. 11-cv-4-JL

James O'Mara, Superintendent,
Hillsborough County Department
of Correction, et al.[1]


**O R D E R**


    Before the Court is Mohamed Daoud's complaint (doc. nos. 1, 20, 22, 23, and 24[2]), filed pursuant to 42 U.S.C. § 1983, alleging violations of Daoud's federal constitutional rights. The matter is presently before this Court for preliminary review to determine whether or not the complaint states any claim upon

---

[1] In addition to O'Mara, Daoud has named HCHC Medical Department Administrator Denise Ryan as a defendant to this suit. For reasons stated below, I construe the complaint as intending to name HCHC Disciplinary Officer Fournier as a defendant.

[2] Daoud has filed several documents that have been docketed as letters to the Court (doc. nos. 13, 20, 21, 22, 23, and 24). Construing these documents liberally, the Court finds that four of the letters, identified as docket entries numbered 20, 22, 23, and 24, appear to be attempts by Daoud to file addenda to the complaint, as they contain factual allegations and claims not included in the initial complaint. The Clerk's Office is directed in this Order to redocket the letters (doc. nos. 20, 22, 23, and 24) as addenda to the complaint. The filings will heretofore be considered to be part of the complaint for all purposes.

which relief might be granted.[3]  See 28 U.S.C. § 1915A (requiring court to screen prisoner civil actions); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to conduct preliminary review of complaints filed by prisoners).

As fully explained in the Report and Recommendation issued simultaneously with this Order, the Court finds that Daoud has stated claims upon which relief might be granted alleging: (1) the denial of constitutionally adequate medical care, in violation of the Fourteenth Amendment, against defendants Denise Ryan and James O'Mara; (2) endangerment, against defendant O'Mara; and (3) a due process violation against Fournier.  Daoud has also alleged cognizable claims of excessive force and unconstitutional conditions of confinement for insufficient and unsanitary food and unreasonably restrictive housing placement, but has failed, at this time to name any defendant to these claims.[4]

---

[3]Also pending before the Court is plaintiff's Motion for Injunctive Relief (doc. no. 2).  This Order does not address plaintiff's request for preliminary injunctive relief.  The findings here pertain only to the statutorily required initial review of prisoner-filed pleadings.  See 28 U.S.C. § 1915A.

[4]If Daoud seeks to proceed on these claims, he must obtain the names of the individuals responsible for the harms alleged in discovery, move to amend his complaint to add those individuals as defendants to this action, and provide completed summons forms to the Court, at which time the Clerk's Office will be directed to issue the summonses and have service effected on those defendants.

Daoud failed to state claims upon which relief might be granted as to his remaining assertions regarding improper cell searches, name-calling, reading of legal paperwork, and discrimination, and, in the Report and Recommendation issued simultaneous with this Order, the Court recommends that those claims be dismissed.

Daoud's final remaining claim, alleging endangerment by HCHC Disciplinary Officer Fournier, at this point, does not contain sufficient specific factual assertions to state a claim upon which relief might be granted.  Because the Court finds, however, that Daoud may be able to state such a claim, Daoud will be given the opportunity to amend his complaint to add facts supporting that claim, as described in the Report and Recommendation.  Within fourteen days of the date of this Order, Daoud must file an amendment to his complaint containing specific facts to support his endangerment claim against Fournier, if he wishes to pursue that claim.  Failure to file such an amendment may result in this Court's recommendation that that claim be dismissed.

The Clerk's Office is directed to redocket the letters entered into the docket as numbers 20, 22, 23, and 24, as addenda to the complaint in this matter.

My review of the file indicates that plaintiff has completed summons forms for James O'Mara and Denise Ryan.  The Clerk's Office is directed to complete a summons form for

Officer Fournier, using the Hillsborough County Department of Corrections' address.  The Clerk's Office is directed to issue the summonses against defendants and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses and copies of the complaint (doc. nos. 1, 20, 22, 23, and 24), the Report and Recommendation issued this date, and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon defendants.  See Fed. R. Civ. P. 4(c)(2).

Defendants are instructed to answer or otherwise plead within twenty-one days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Daoud is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:   February 14, 2011

cc:  Mohamed Daoud, pro se
     Carolyn Kirby, Esq.

LBM:jba