UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Mohamed Daoud

    v.                                             Civil No. 11-cv-004-JL

James O'Mara, Superintendent,
Hillsborough County Department
of Corrections, et al., et al.

### REPORT AND RECOMMENDAION

Mohamed Daoud filed a complaint (doc. no. 1) in this court on January 4, 2011, and subsequently filed a number of pleadings (doc. nos. 20, 22-24) which were accepted as addenda to that complaint. This court conducted a preliminary review pursuant to 28 U.S.C. § 1915A(a) and United States District Court District of New Hampshire Local Rule 4.3(d)(2) and issued a Report and Recommendation (doc. no. 30) and an Order (doc. no. 31) on February 14, 2011.

The court found that Daoud had adequately stated claims alleging: (1) a denial of constitutionally adequate medical care against Denise Ryan and James O'Mara; (2) an endangerment claim against O'Mara; (3) and a due process violation against Corrections Officer ("C.O.") Fournier. The court directed service of those claims on defendants. The court also recommended that Daoud's claims alleging verbal harassment, improper cell searches, improper reading of legal mail, and

discrimination, be dismissed from this action. That recommendation was approved by the District Judge on March 23, 2011 (doc. no. 44).

The court further found that Daoud had alleged that corrections officers employed by the Hillsborough County House of Corrections ("HCHC"), where Daoud was a pretrial detainee, had violated his Fourteenth Amendment right to due process by: (1) spitting in his food; (2) denying him food; and (3) subjecting him to unnecessarily restrictive housing. Finding that Daoud had failed to name specific defendants responsible for those incidents, the court ordered Daoud to amend his complaint to name the defendants for those claims.

Finally, the court found that Doaud had stated insufficient facts to sustain an endangerment claim against C.O. Fournier. The court gave Daoud the opportunity to amend his complaint to provide additional facts to the court to support that claim against Fournier.

Daoud filed a responsive pleading (doc. no. 40) on March 4, 2011, docketed as a motion to amend his complaint. Defendants O'Mara, Fournier, and Ryan have filed a partial objection to that motion (doc. no. 45). In Daoud's motion to amend (doc. no. 40), he seeks to:

1.   Add HCHC Sgt. Williams and C.O. Weatherby to this action as defendants to the excessive force claim in the complaint;

2.   Add C.O. Thompson to this action as a defendant to the claim alleging that HCHC officers spit in Daoud's food on numerous occasions;

3.   Add C.O. Rodriguez as a defendant to this action, alleging that Rodriguez spit in Daoud's food, called Daoud a "monkey" and a "terrorist," and denied Daoud the full hour of recreation time he is allowed each day; and

4.   Add a claim to this action alleging that jail officials are requiring Daoud to have contact with C.O. Weatherby in violation of a state court order.

The court will address each requested amendment, and any objections raised by plaintiffs, in turn.

**Discussion**[1]

I.   Excessive Force Defendants

In its February 14, 2011 Order (doc. no. 31), the court found that Daoud had stated sufficient facts to state claims of

---

[1] In considering Daoud's proposed amendments to the complaint in this matter, the court employs the standard of review applicable to the preliminary review of pleadings filed by inmates, as fully explained in the February 14, 2011 Report and Recommendation (doc. no. 30). See LR 4.3(d)(2) (magistrate judge is designated to conduct preliminary review of "any subsequent amendments" to inmate pleadings).

3

excessive force, but had not named any defendant to those claims. Daoud claims that he was beaten by officers in retaliation for spitting on C.O. Weatherby during a previous incarceration, an act for which he was criminally charged, convicted, and sentenced to a suspended term of imprisonment unrelated to his present pretrial detention at the HCHC.

Daoud now claims that Sgt. Williams assaulted him more than once, on one occasion breaking Daoud's nose, causing Daoud to be taken to the hospital for treatment. Daoud also states that C.O. Weatherby has beaten him more than once. Accordingly, the court recommends that the motion to amend be granted to the extent it seeks to add excessive force claims against Williams and Weatherby to this action.

## II. Spitting in Daoud's Food

Daoud previously stated claims that he was subjected to conditions of his confinement that violated his Fourteenth Amendment due process right not to be subjected to punishment prior to being convicted. See Mosher v. Nelson, 589 F.3d 488, 493 n. 3 (1st Cir. 2009) (pretrial detainee's conditions of confinement claims must be analyzed under Fourteenth Amendment); Surprenant v. Rivas, 424 F.3d 5,1 5 (1st Cir. 2005) (pretrial detainees have right to be free of punishment under Fourteenth Amendment). Those conditions specifically included being denied

4

sufficient food, having his food spit in by officers, and being subjected to inappropriately restrictive housing. Daoud sufficiently alleged that those acts were taken as punitive measures, rather than pursuant to any legitimate penological objective, to allow the claims to proceed, but failed to name any defendant responsible for those acts. Daoud now states that C.O. Thompson spit in his food many times. While Daoud has not listed those dates and times here, he claims that he does possess such a list. Daoud also states that C.O. Rodriguez has spit in his food. Accordingly, the court recommends that the motion to amend be granted to the extent it seeks to add claims against Thompson and Rodriguez to this action for spitting in Daoud's food.

III. Out-of-Cell Time

Daoud attempts to add a claim to his complaint asserting that Rodriguez never allows him a full hour of out-of-cell time, as he cuts that time short by ten to fifteen minutes. Daoud has no right to a specific number of minutes of out-of-cell time, and there is no reason to believe that Daoud has suffered any injury as a result of being given only forty-five to fifty minutes of out-of-cell time. Accordingly, the court recommends that Daoud's motion to amend, to the extent that it attempts to

assert a claim for a deprivation of some of his out-of-cell time, be denied.

IV. Verbal Harassment

Daoud alleges that Rodriguez has called him a "monkey" and a "terrorist," which appear to be racial, religious, and/or ethnic slurs. As the court fully explained in the February 14, 2011 Report and Recommendation (doc. no. 30), such acts of verbal harassment do not violate any constitutional right. See Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991); Shabazz v. Cole, 69 F. Supp. 2d 177, 198-201 (D. Mass. 1999). Accordingly, these alleged statements are not actionable, and Daoud's motion to amend should be denied to the extent that it seeks to add these claims to this action.

V. Contact with C.O. Weatherby

Daoud claims that jail officials have violated his rights by placing him in proximity to Weatherby at the HCHC. Daoud states that he is not permitted to have contact with Weatherby by virtue of a court order issued in Daoud's criminal case for spitting on Weatherby.

If Daoud believes that jail officials are in violation of a state court order, the state court that issued the order would be the appropriate venue to seek enforcement of that order. To state a constitutional claim against jail officials in this

6

court, for forced contact with Weatherby, Daoud would have to identify a constitutional right implicated and harm that accrued as a result of the violation of that right. He has not identified either. Accordingly, to the extent Daoud seeks to amend his complaint to include such a claim, the motion should be denied.

VI.   Endangerment Claim: C.O. Fournier

In the February 14, 2011, Order (doc. no. 31), Daoud was directed to amend his complaint to include specific facts regarding an endangerment claim he had attempted to assert against C.O. Fournier. In his motion to amend (doc. no. 40), Daoud provided no facts to support an endangerment claim against Fournier. Accordingly, that claim should be dismissed from this action.

### Conclusion

For the foregoing reasons, the court recommends that the District Judge enter the following order:

1.   The motion to amend (doc. no. 40) is GRANTED in part as follows:

    A.   Excessive force claims shall proceed against Sgt. Williams and C.O. Weatherby.

    B.   Claims for spitting in Daoud's food shall proceed against C.O. Thompson and FTO Rodriguez.

7

    2.   The motion to amend (doc. no. 40) is DENIED in all other respects.

    3.   The endangerment claim against C.O. Fournier asserted in Daoud's complaint (doc. nos. 1, 20, 22-24) is dismissed.

    4.   The Clerk's Office is directed to complete summons forms for Williams, Weatherby, Thompson, and Rodriguez, using the address for the Hillsborough County Department of Corrections.

    5.   The Clerk's Office is directed to issue the summonses against defendants and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summons and copies of the complaint (doc. nos. 1, 20, 22, 23, and 24), the Report and Recommendation (doc. no. 30) and Order (doc. no. 31) issued February 14, 2011, the motion to amend (doc. no. 40), and this Report and Recommendation.

    6.   Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon defendants.  See Fed. R. Civ. P. 4(c)(3).

    7.   Defendants are instructed to answer or otherwise plead within twenty-one days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

    8.   All future pleadings, written motions, notices, or similar papers filed by Daoud shall be served directly on the

defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: June 20, 2011

cc: Mohamed Daoud, pro se
 John A. Curran, Esq.
 Carolyn M. Kirby, Esq.

LBM:jba